In the Matter of SUSAN YVONNE KUNSTLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 13, 1983

**APPEARANCES OF COUNSEL**

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Lewis Tesser* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee of the First Department, seeks an order suspending respondent from the practice of law pending resolution of the charges against her.

Respondent was admitted to practice in the Second Department on June 25, 1975 and maintains an office for the practice of law in the First Department.

On December 9, 1982, the committee received a complaint from a former client of respondent alleging that respondent had neglected a matrimonial matter entrusted to her care, misrepresented work done in the client's behalf and refused to return moneys and file to the client.

The committee mailed a copy of the complaint to the respondent on January 25, 1983 requesting a written response. Other than a request for an adjournment (which was granted on March 1, 1983) no response was received.

On January 25, 1983, the committee received a second complaint against the respondent from another client alleging neglect by respondent in an eviction proceeding and failure of respondent to communicate with her client. A copy of this complaint was mailed to respondent on March 7, 1983, with follow-up letters on March 14, and April 13, 1983.

A subpoena duces tecum was issued by the court compelling respondent's appearance at the committee's offices to produce the complete files relating to the two complaints, and was personally served on respondent on April 11, 1983. On April 15, 1983 petitioner agreed to adjourn the return date of the subpoena duces tecum to May 6, 1983, respondent promising that an answer to the first complaint would be hand delivered to the committee offices no later than April 18, 1983. Respondent failed to appear May 6, 1983 as required under the subpoena duces tecum and has failed to submit a response to the two complaints, other than an affirmation received on August 22, 1983 requesting a further adjournment and indicating that the inexcusable failure to respond to the complaints was due to office problems and a crisis of self-confidence on the part of respondent.

This court's obligation to the public mandates the suspension of any attorney who will not respond to lawful process and fails to co-operate while serious charges against her are being investigated.

In view of respondent's failure to co-operate and respond to legal process and to give testimony and produce the files on the matters before the committee, the application to suspend the respondent is granted.

Petitioner's motion should be granted and respondent suspended until further order of this court.

SANDLER, J. P., SULLIVAN, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York effective December 13, 1983, and until the further order of this court.